IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-CV-128-JRG |
| | § | |
| DIRECTV, LLC, | § | |
| | § | |
| Defendant. | § | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

In accordance with Patent Rule 4-3 and the Court's Docket Control Order of March 19, 2015 (Dkt. 10), the parties hereby submit this Joint Claim Construction and Prehearing Statement. Pursuant to Patent Rule 4-2(c), the parties met and conferred for the purposes of narrowing the issues and finalizing preparation of this Joint Claim Construction and Prehearing Statement.

    **A.**    **Agreed-Upon Constructions**

The parties have reached agreement regarding the construction of the following claim terms/phrases in the asserted U.S. Patent No. 7,725,401 ("'401 Patent"). Several of the terms are the same as terms construed by the Court in *ContentGuard Holdings, Inc. v. Amazon.com, Inc., et al.*, 2:13-cv-01112 and *ContentGuard Holdings, Inc. v. Google, Inc.*, 2:14-cv-0061. For purposes of expediency, the parties have agreed to use the Court's constructions of those terms for this action. The parties maintain their arguments, including the intrinsic and extrinsic evidence, in support of their prior constructions and reserve their rights to challenge those constructions on appeal. Those arguments and the supporting intrinsic and extrinsic evidence are incorporated by reference in this case. The chart below provides the construction of those claim terms, phrases, or clauses on which the parties agree for purposes of this case:

1

| 401 Patent | Agreed-Upon Construction |
|---|---|
| "digital work" | plain meaning |
| "content" | "the digital information (i.e., raw bits) representing a digital work." |
| "renderable" | The parties agree that "render[ing]" means "'present[ing] a digital work, such as by playing a digital movie, playing digital music, playing a video game, running a computer program, displaying a document on a display, or printing on paper.'" |
| "usage rights" | "indications that are attached, or treated as attached, to [a digital work / digital content / content / a digital document] and that indicate the manner in which the [digital work / digital content / content / digital document] may be used or distributed as well as any conditions on which use or distribution is premised." |
| "manner of use" | "a way in which [a digital work / digital content / content / a digital document] may be used, as contrasted with a condition that must be satisfied before such use is allowed." |
| "repository" | "a trusted system in that it maintains physical, communications, and behavioral integrity in the support of usage rights"<br><br>*trusted*: "maintains physical, communications, and behavioral integrity in the support of usage rights"<br><br>*physical integrity*: "preventing access to information in a repository by a non-trusted system"<br><br>*communications integrity*: "only communicates with other devices that are able to present proof that they are trusted systems, for example, by using security measures such as encryption, exchange of digital certificates, and nonces"<br><br>*behavioral integrity*: "requiring software to include a digital certificate in order to be installed in the repository" |

**B.   Disputed Claim Construction**

Exhibits A and B, attached hereto, identify the disputed claim terms.

Exhibit A provides ContentGuard's identification of intrinsic and extrinsic evidence supporting its proposed constructions, as required by P.R. 4-3(b).

Exhibit B provides DIRECTV's identification of intrinsic and extrinsic evidence supporting its proposed constructions, as required by P.R. 4-3(b).

### C.    Anticipated Length of Time for Claim Construction Hearing

The Parties anticipate that the Claim Construction Hearing will take no longer than 2 hours, or an amount of time to be determined by the Court.

### D.    Identification of Witnesses

#### 1.    Statement by ContentGuard

ContentGuard may rely upon testimony (by declaration and/or live testimony) of Dr. Michael Goodrich. This witness may provide testimony about the technology of the '401 Patent and how a person of ordinary skill in the art would have understood the terms at issue. This witness may also testify about his qualifications to provide testimony regarding the '401 Patent.

#### 2.    Statement by DIRECTV

DIRECTV may rely on the testimony (by declaration and/or by live testimony) of Stuart J. Lipoff, as an expert witness.  Mr. Lipoff may provide testimony regarding the technology of the patents-in-suit, and, in particular, an explanation of how one of ordinary skill in the art would have understood the identified terms in light of the specification, prosecution histories, inter partes review histories, and knowledge of one of ordinary skill in the art.  Such testimony may include a discussion of Mr. Lipoff's qualifications and background, including his qualifications and background related to the digital rights management ("DRM") technology at issue in the patents-in-suit.  Such testimony may also include a discussion and tutorial regarding DRM technology, as well as of the state of the prior art for this technology.  Mr. Lipoff's testimony may also include rebuttal of proposed constructions and expert testimony presented by ContentGuard.  Mr. Lipoff's testimony may support DIRECTV's proposed constructions and/or oppose ContentGuard's proposed constructions on all disputed terms. Mr. Lipoff may also describe why "future appropriation of content" is indefinite and why the claim, read in light of the specification delineating the patent, and the prosecution history, fails to inform, with

reasonable certainty, those skilled in the art about the scope of the invention. DIRECTV reserves the right to offer testimony and other extrinsic evidence to rebut testimony or other extrinsic evidence offered by ContentGuard in support of its claim construction positions. Pursuant to Local Patent Rule 4-3(d), a summary of each opinion to be offered by Mr. Lipoff is identified in the charts in Exhibit B.

### E.    Other Issues

At present, the parties are unaware of any additional issues that would require the scheduling of a pre-hearing conference.

DATED: May 11, 2015

Respectfully submitted,

                                                              */s/ Charles Everingham IV*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles Everingham IV
State Bar No. 00787447
911 West Loop 281, Suite 412
Longview, TX 75604
Telephone:  (903) 297-7404
Facsimile:  (903) 297-7402
Email:  ceveringham@akingump.com

Kevin G. McBride
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  (949) 885-4200
Facsimile:  (949) 885-4101
Email:  kmcbride@akingump.com

Todd Landis
State Bar No. 24030226
Eric J. Klein
State Bar No. 24041258
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343
Email:  tlandis@akingump.com
Email:  eklein@akingump.com

James Loughlin Duncan III
State Bar No. 24059700
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Telephone:  (713) 220-5800
Facsimile:  (713) 236-0822
Email:  jduncan@akingump.com

**ATTORNEYS FOR DIRECTV, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff and counsel for Defendant have conferred regarding the foregoing Joint Claim Construction and Prehearing Statement.

*/s/ Charles Everingham IV*
Charles Everingham IV

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of May, 2015, with a copy of the foregoing document and supporting attachments via the Court's CM/ECF system.

*/s/ Charles Everingham IV*
Charles Everingham IV
