# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CONTENTGUARD HOLDINGS, INC.,** | |
| Plaintiff, | Civil Action No.  2:15-CV-128-JRG |
| v. | |
| **DIRECTV, LLC,** | JURY TRIAL |
| Defendant. | |

## PLAINTIFF CONTENTGUARD HOLDINGS, INC.'S
## OPENING CLAIM CONSTRUCTION BRIEF

**TABLE OF CONTENTS**

# Contents

I. Introduction ........................................................................................................................1

II. Law on Construing Terms ................................................................................................1

III. Argument ...........................................................................................................................3

    A. "label representing the content of a digital work" .....................................................4

    B. "before the content is prepared in digital form" ........................................................6

    C. "protected electronic association between the label and the usage rights" ..............................................................................................................7

    D. "association between the digital work and the label" ...............................................8

    E. "future appropriation of content" ...............................................................................9

    F. "generating" .............................................................................................................10

IV. Conclusion .......................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acumed LLC v. Stryker Corp.*,
   483 F.3d 800 (Fed. Cir. 2007) ................................................................................................5, 8

*Astute Tech., LLC v. Learners Digest Int'l LLC*,
   2014 U.S. Dist. LEXIS 45526 (E.D. Tex. Apr. 2, 2014) .......................................................2, 11

*Broadcom v. Emulex Corp.*,
   732 F.3d 1325 (Fed. Cir. 2013) .....................................................................................................4

*CardioFocus, Inc. v. Cardiogenesis Corp.*,
   827 F. Supp. 2d 36 (D. Mass. 2011) .............................................................................................2

*ContentGuard v. Amazon*,
   Dkt. 459 ........................................................................................................................................1

*ContentGuard v. Amazon et al.*
   (Civil Action No. 2:14-cv-00061-JRG) .......................................................................................1

*Corp. v. DirecTV Enters., Inc.*,
   358 F.3d 870 (Fed. Cir. 2004) .......................................................................................................5

*EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*,
   766 F.3d 1338 (Fed. Cir. 2014) .....................................................................................................4

*i4i Ltd. P'ship v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010) .......................................................................................................5

*JS Prods., Inc. v. Kabo Tool Co.*,
   2014 U.S. Dist. LEXIS 53383 (D. Nev. Apr. 17, 2014) ..............................................................2

*K-2 Corp. v. Saloman S.A.*,
   191 F.3d 1356 (Fed. Cir. 1999) .....................................................................................................2

*Katrinecz v. Motorola Mobility LLC*,
   2014 U.S. Dist. LEXIS 1682 (W.D. Tex. Jan. 6, 2014) ...............................................................2

*Nautilus, Inc. v. Biosig Instruments., Inc.*,
   134 S. Ct. 2120 (2014) ..................................................................................................................9

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008) .....................................................................................................1

*Orion IP, LLC v. Staples, Inc.*,
 406 F. Supp. 2d 717 (E.D. Tex. 2005) ........................................................................... 1, 2, 11

**Other Authorities**

Manual of Patent Examining Procedure §2111.03 (9th Ed. 2014) .................................................. 7

U.S. Patent No. 7,725,401 ............................................................................................ *passim*

I.  **INTRODUCTION**

Pursuant to Local P.R. 4-5(a), Plaintiff ContentGuard Holdings, Inc. ("ContentGuard") submits this opening brief on the proper construction of disputed terms in U.S. Patent No. 7,725,401 ("'401 Patent"). Ex. A ('401 Patent). The '401 Patent relates to technologies involving digital rights management. ContentGuard refers the Court to its technology tutorial for an overview of the patent-in-suit and inventions disclosed in the patent.

As the Court is aware, ContentGuard is a party to other litigation pending before this Court. *ContentGuard v. Amazon et al.* (Civil Action No. 2:14-cv-00061-JRG). The Court issued a *Markman* order in the related litigation on March 20, 2015. *ContentGuard v. Amazon*, Dkt. 459. For certain terms that were also at issue in the related litigation, both parties have agreed to use the Court's constructions from the related *Markman* order, subject to a reservation of rights to appeal. Dkt. 14-0 (Joint Claim Construction and Prehearing Statement) at 1–2. For the remaining terms proposed by DirecTV, ContentGuard submits that no construction is necessary. A jury would understand the terms as written, and there are no statements in the specification or prosecution history to support a deviation from the plain and ordinary meaning of the terms.

II.  **LAW ON CONSTRUING TERMS**

Courts "are not (and should not be) required to construe *every* limitation present in a patent's asserted claims." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). Instead, readily understandable claim language only needs construed when there is a "fundamental dispute regarding the scope of a claim term." *Id.*

This District's precedent makes clear that claim construction should be limited to only those terms "that might be unfamiliar to the jury, confusing to the jury, or affected by the specification or the prosecution history." *Orion IP, LLC v. Staples, Inc.*, 406 F. Supp. 2d 717,

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

1

738 (E.D. Tex. 2005) (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)). Claim terms that are not used in any way other than their lay meaning do not need construction. *Id.* at 725. As a general matter, courts should avoid construing terms if it will not assist the jury. *Astute Tech., LLC v. Learners Digest Int'l LLC*, 2014 U.S. Dist. LEXIS 45526, at *57 (E.D. Tex. Apr. 2, 2014) ("Because construing the 'capture' term will only tend to confuse rather than clarify, and the Court is not convinced that Plaintiff's construction is more helpful to the jury as opposed to the plain meaning, 'capture' requires no further construction."). Other districts agree there is no need to construe terms that jurors would already understand. *See, e.g.*, *Katrinecz v. Motorola Mobility LLC*, 2014 U.S. Dist. LEXIS 1682, at *11–12 (W.D. Tex. Jan. 6, 2014) (no need for construction when words are "commonly understood, both as individual words and as grouped together"); *JS Prods., Inc. v. Kabo Tool Co.*, 2014 U.S. Dist. LEXIS 53383, at *16 (D. Nev. Apr. 17, 2014) ("[A] district court is not obligated to construe terms with ordinary meanings, lest trial courts be inundated with requests to parse the meaning of every word in the asserted claims"); *CardioFocus, Inc. v. Cardiogenesis Corp.*, 827 F. Supp. 2d 36, 41 (D. Mass. 2011) ("The claim terms do not implicate any special knowledge possessed by a person in the art and, thus, should be given their ordinary meanings.") ("[The terms] are not sufficiently ambiguous or uncommon to warrant construction").

Clear claim terms should not be construed merely because a court *can* construe them using different language. *See K-2 Corp. v. Saloman S.A.*, 191 F.3d 1356, 1363 (Fed. Cir. 1999) ("a party wishing to alter the meaning of a clear claim term must overcome the presumption that the ordinary and accustomed meaning is the proper one, demonstrating why such an alteration is required.").

### III. ARGUMENT

DirecTV attempts to effectively re-write the claims by requesting construction of a significant number of terms. DirecTV cannot identify disclaimers in the specification or prosecution history that would justify deviating from the plain meaning of these terms, and DirecTV's proposed constructions, which deviate from their plain meaning, would only lead to juror confusion.

Between the claim terms from the related *Markman* and DirecTV's request for an additional 6 word or phrases, DirecTV's proposal would re-write a significant percentage of the claim (44.7% or 92/206 words). The following shows via underlining how much of independent Claim 1 would be subject to construction under DirecTV's proposal:

> A method for creating a <u>digital work</u>, said <u>digital work</u> having <u>content</u> which is a <u>renderable</u> portion of the <u>digital work</u> and <u>usage rights</u> specifying a <u>manner of use</u> for the <u>content</u>, said <u>digital work</u> being adapted to be used within a system of <u>repositories</u> for enforcing <u>usage rights</u> so that the <u>content</u> can be used only in accordance with the <u>manner of use</u> specified by the <u>usage rights</u>, the method comprising:
> <u>generating</u>, by a programmed computing device, a computer readable <u>label</u> representing the content of a digital work <u>before the content is prepared in digital form</u>;
> <u>generating</u>, by a programmed computing device, <u>usage rights</u> specifying a <u>manner of use</u> of the <u>content</u> that is enforceable by a <u>repository</u> <u>before the content is prepared in digital form</u>;
> creating at least one instance of a <u>protected electronic association between the label and the usage rights</u> <u>before the content is prepared in digital form</u>;
> preparing, by a programmed computing device, the <u>content</u> in a cryptographically protected digital form; and
> creating an <u>association between the digital work and the label</u> to thereby create a <u>digital work</u> which is adapted to be used only in accordance with the <u>manner of use</u> specified by the <u>usage rights</u> associated with the label.

Requiring the jury to refer to claim construction definitions for nearly every other word in the claim would only lead to juror confusion. This is because DirecTV seeks to construe 12 total terms or phrases (six from the related *Markman* plus an additional six specific to this patent). None of DirecTV's additional construction proposals are required by the specification or

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

prosecution history, and none are helpful to the jury. Thus all of DirecTV's proposed constructions should be denied, and plain meaning should be used.

### A. "label representing the content of a digital work"

| Claim Term | ContentGuard's Proposal | DirecTV's Proposal |
|---|---|---|
| "label representing the content of a digital work" [Claim 1] | No construction necessary beyond construing "content" and "digital work." | "placeholder that includes an identification of the content of a digital work" |

DirecTV's proposed construction should be rejected for several reasons.

*First*, DirecTV's proposed construction takes a phrase that is readily understood and attempts to alter its meaning by importing limitations from embodiments described in the specification. But "it is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1341 (Fed. Cir. 2014) (quotation and citation omitted). Additionally, the '401 Patent describes multiple embodiments, *see* '401 Patent col. 3:7–24 ("various embodiments" described in the figures and descriptions associated with the figures), and DirecTV's proposal would not only limit the claims to certain embodiments, but exclude others. This is improper. *Broadcom v. Emulex Corp.*, 732 F.3d 1325, 1333 (Fed. Cir. 2013) ("This court has clarified that an interpretation which 'excludes a [disclosed] embodiment from the scope of the claim is rarely, if ever, correct.'" (citation omitted)).

*Second*, the '401 Patent does not equate "label" with "placeholder." While the specification uses "placeholder" in connection with the term "label" for certain embodiments, the specification makes clear that "placeholder" is more limited than "label"—the broader term selected for use in the claims. Indeed, the very first reference to "placeholder" in the

specification shows that the inventors understood the terms "label" and "placeholder" as having different meanings: "The label represented by step 100 in FIG. 1 *may* serve as a reference to another work. The label *in this case* would serve as a placeholder for future content." '401 Patent col. 6:10–12 (emphasis added). As the specification makes clear, the proper scope of "label" must include cases where the label does not "serve as a reference" or a "placeholder for future content."[1]

In drafting the claims that were ultimately accepted by the PTO, the patentee chose to use the broader term "label" instead of the narrower word "placeholder," and the Court should not now change the patentee's word choice. *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 807 (Fed. Cir. 2007) ("[Patentees] could have used the word 'perpendicular,' as they did in discussing their preferred embodiment. Instead, they chose a different term that implies a broader scope."); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 843 (Fed. Cir. 2010) ("Had the inventors intended this limitation, they could have drafted the claims to expressly include it"); *Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004) (holding that "it is important not to import into a claim limitations that are not a part of the claim. For example, a particular embodiment appearing in the written description may not be read into a claim when the claim language is broader than the embodiment").[2]

---

[1] The other uses of "placeholder" are at col. 6:30 (used in association with the embodiment of Fig. 3) and col. 9:15–18 (in summarizing the "preferred embodiments"), neither of which supports construing the term "label" as "placeholder."

[2] ContentGuard notes that DirecTV's proposed construction would also impact other claim language for which "label" provides an antecedent basis. DirecTV has additionally proposed constructions for two of these phrases ("protected electronic association between the *label* and the usage rights" "association between the digital work and the *label*"). But DirecTV's construction of these other phrases does not suggest any need for "label" to be construed. *See* Dkt. 14-02 (Joint Claim Construction Ex. B – DirecTV's Identification of Disputed Constructions) at 2–3.

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

*Third*, DirecTV's proposed construction also inappropriately seeks to construe "representing" as "includes an identification of." But the words "includes an identification of" do not appear in the specification, nor is there any support for DirecTV's argument that "representing" should be construed to mean "includes an identification of." While the specification does disclose the concept of "identification," it does so only to suggest one possible embodiment, which relates to identifying "the work," *not* its "content." '401 Patent col. 3:49–52 ("*Alternatively*, the usage rights label *may* include merely an identification *of the work* ...." (emphasis added)), 6:64–67 (same language).

### B. "before the content is prepared in digital form"

| Claim Term | ContentGuard's Proposal | DirecTV's Proposal |
|---|---|---|
| "before the content is prepared in digital form" [Claim 1] | No construction necessary beyond construing "content." | "before the content is first expressed as digital information (i.e., raw bits) representing a digital work, regardless of later processing of the content, such as compression or sampling" |

The claim language, as written, is straightforward and easily understood. DirecTV proposes replacing the claims' straightforward language with a wordier and more confusing phrase, and also adding a new "first expressed" limitation to the claim. DirecTV's proposed construction fails for two reasons.

*First*, the '401 Patent's specification teaches that a *new digital instantiation* of the content can meet the "before the content is prepared" limitation: "Further, an item of content already in digital form *can be content that has not been created where a new digital instantiation of the content is created*." '401 Patent col. 1:23–25 (emphasis added).

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

6

*Second*, DirecTV's proposed limitations against "compression" or "sampling" are nowhere to be found in the '401 Patent—indeed, neither of those words are even present in the specification. As Claim 1 uses the open-ended "comprising" language, it is improper to exclude other steps that may occur in an infringing product in addition to the claimed steps. Manual of Patent Examining Procedure §2111.03 (9th Ed. 2014) ("The transitional term "comprising", which is synonymous with "including," "containing," or "characterized by," is inclusive or open-ended and does not exclude additional, unrecited elements or method steps.") (citing *Mars Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1376, 71 USPQ2d 1837, 1843 (Fed. Cir. 2004) ("like the term 'comprising,' the terms 'containing' and 'mixture' are open-ended."); *Invitrogen Corp. v. Biocrest Manufacturing, L.P.*, 327 F.3d 1364, 1368, 66 USPQ2d 1631, 1634 (Fed. Cir. 2003) ("The transition 'comprising' in a method claim indicates that the claim is open-ended and allows for additional steps.")).

C.  **"protected electronic association between the label and the usage rights"**

| Claim Term | ContentGuard's Proposal | DirecTV's Proposal |
|---|---|---|
| "protected electronic association between the label and the usage rights" [Claim 1] | No construction necessary beyond construing "usage rights." | "a correspondence, created between the usage rights and the label, that is secured from unauthorized user access" |

DirecTV's proposal would replace the straightforward claim language with a more confusing construction that would alter the meaning of the claim. DirecTV's proposal should be rejected for a couple of reasons.

*First*, DirecTV proposes adding the "secured from unauthorized user access" limitation into this claim element, but that proposed addition has no support in the specification. DirecTV's proposed construction is also confusing because it seeks to redefine the term "protected" using the word "secured." But the claims of the '401 Patent use "protect" and "secure" to describe

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

7

different things. For example, Claim 5 depends from Claim 1 via Claim 2 and adds "further comprising securing the content and the label." *See also* '401 Patent Claims 6, 7, 20, 21, and 22 (using "secure" or variations thereof). The use of the different words within the claim language itself indicates that "protect" should not be construed as "secure." The specification also uses variations on the words "protect" and "secure," even within the same sentence, indicating that the terms are not equivalent. '401 Patent col. 1:48–50, 1:58–60, 1:67–2:3; *see Acumed*, 483 F.3d at 807 (discussing the specifications use of both "transverse" and "perpendicular" suggests different meanings).

*Second*, DirecTV's proposal would replace "association" with "correspondence," which is addressed below in the discussion of "association between the digital work and the label."

D.     **"association between the digital work and the label"**

| Claim Term | ContentGuard's Proposal | DirecTV's Proposal |
|---|---|---|
| "association between the digital work and the label" [Claim 1] | No construction necessary. | "a correspondence created between the digital work and the label so the label will be applied to the digital work" |

DirecTV's proposal would replace the straightforward claim language with wordier and more confusing language that would not benefit the jury. DirecTV appears to base its proposal on a single sentence in the specification: "Therefore, the term 'associated' as used herein refers broadly to creating a correspondence between the content and the label so the label will be applied to the content." '401 col. 4:12–14. But "associated" is described elsewhere in the specification in different terminology: "Therefore, the term 'associated' as used herein refers broadly to creating a correspondence between the content and the label so the label will be applied *to represent* the content." '401 Patent col. 7:32–34 (emphasis added). Given that the

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

8

specification does not provide a true definition for "associated," there is no reason for the Court to embrace a construction that is different from its ordinary meaning.

### E. "future appropriation of content"

| Claim Term | ContentGuard's Proposal | DirecTV's Proposal |
|---|---|---|
| "future appropriation of content" [Claim 15] | No construction necessary beyond construing "content." Not indefinite. | indefinite |

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments., Inc.*, 134 S. Ct. 2120, 2124 (2014).

The phrase "future appropriation of content" is not indefinite. Each of the individual words has a definite meaning, and, taken together, the phrase itself also has a definite (and plain) meaning. One example of "future appropriation of content" is described within the specification at 8:30–47. In this example, a distributor may only be authorized to sell a specific quantity of copies of the digital content each month. '401 Patent col. 8:37–39.

> Once the quantity has been distributed, rather than turning away customers, the distributor might choose to use a label to represent the content they will receive the following month. This would allow them to better serve their customers, continue distribution of the content while at the same time honoring the content creator's desires by only distributing a limited amount each month.

*Id.* col. 8:40–46.

Read in light of the claims and the specification, those skilled in the art would understand this content to be subject to an appropriations limitation, where an appropriation of the content will occur sometime in the future.

The prosecution history for the '401 Patent also shows that the examiner explicitly examined the claims for indefiniteness issues, and expressed no concern with respect to the

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

"future appropriation of content" language. The "future appropriation of content" language was part of claim 16 as originally filed with the PTO on February 8, 2005. Ex. B (Patent Application, February 8, 2005) at 18 (proposed claim 16). In the first office action, the examiner rejected proposed dependent claims 11 and 14 on grounds of indefiniteness, but not proposed claim 16. Ex. C (Non-Final Rejection, June 25, 2007) at 2. Proposed claim 16 was rejected only on a §103 (obviousness) basis, not a §112 (indefiniteness) basis. *Id.* at 5. The patentee's December 22, 2007 Amendment and Response still included the "future appropriation of content" language in proposed claim 16. Ex. D (Amendment and Response, Dec. 22, 2007) at 4. The examiner again rejected various dependent claims on grounds of indefiniteness (proposed claims 8, 10–13, 24, 26, 27–28), but not proposed claim 16. Ex. E (Final Office Action, March 19, 2008) at 3. Yet again, proposed claim 16 was only rejected based on a §103 (obviousness) basis, not a §112 (indefiniteness) basis. *Id.* at 8. That the PTO explicitly rejected other claims for indefiniteness during the prosecution process, but found no such fault with proposed claim 16's "future appropriation of content" language (which later issued as Claim 15), evidences that a person of ordinary skill in the art would not find this term to be indefinite.

### F. "generating"

| Claim Term | ContentGuard's Proposal | DirecTV's Proposal |
|---|---|---|
| "generating" [Claim 1] | Plain meaning. | "bringing into existence" |

In a further attempt to limit the claim elements "association between the digital work and the label" and "association between the label and the usage rights" to occuring before the content is "first brought into existence," and not also before "new instantiations" of the content (as is expressly taught in the '401 patent as a preferred embodiment), DirecTV proposes construing the straightforward term "generating" using similarly limited wording ("bringing into existence").

**PLAINTIFF'S OPENING**
**CLAIM CONSTRUCTION BRIEF**

The term is already straightforward as used within the claim language and is capable of being understood by a person of ordinary skill in the art and the jury without any construction. DirecTV's references to dictionaries to provide a standard dictionary definition of the word "generating" further shows there is no need for the Court to merely provide a standard dictionary definition for a term that is commonly used within the English language. *Orion IP*, 406 F. Supp. 2d at 738; *Astute Tech.*, 2014 U.S. Dist. LEXIS 45526, at *57.

## IV. CONCLUSION

None of the claim terms proposed by DirecTV require a claim construction. The specification and prosecution history do not require that they be given a special meaning, and their plain meaning would be readily understood by a jury. Furthermore, the constructions that DirecTV does provide would add limitations that are not present in the claim language and would only create juror confusion.

| | |
|---|---|
| Dated: May 29, 2015. | **MCKOOL SMITH, P.C.**<br><br>/s/  Sam Baxter<br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>104 East Houston, Suite 300<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099<br><br>Robert A. Cote<br>Texas State Bar No. 2331957<br>rcote@mckoolsmith.com<br>Radu A. Lelutiu<br>Texas State Bar No. 4252656<br>rlelutiu@mckoolsmith.com<br>David R. Dehoney<br>Texas State Bar No. 4616595<br>ddehoney@mckoolsmith.com<br>Angela Vorpahl<br>Texas State Bar No. 5141288<br>avorpahl@mckoolsmith.com<br>One Bryant Park 47th Floor<br>New York, NY 10036<br>Telephone: (212) 402-9400<br>Telecopier: (212) 402-9444<br><br>Holly E. Engelmann<br>Texas State Bar No. 24040865<br>hengelmann@McKoolSmith.com<br>Seth Hasenour<br>Texas State Bar No. 24059910<br>shasenour@mckoolsmith.com<br>Eric S. Hansen<br>Texas State Bar No. 24062763<br>ehansen@McKoolSmith.com<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-404<br><br>**ATTORNEYS FOR PLAINTIFF CONTENTGUARD HOLDINGS, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 29, 2015.

/s/ Christopher J. Mierzejewski
Christopher J. Mierzejewski