IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-CV-128-JRG |
| | § | |
| DIRECTV, LLC, | § | |
| | § | |
| Defendant. | § | |

**DIRECTV, LLC'S FIRST AMENDED ANSWER TO CONTENTGUARD'S
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

DIRECTV, LLC ("DIRECTV") answers ContentGuard Holdings, Inc.'s ("ContentGuard") Second Amended Complaint for Patent Infringement (Dkt. No. 244, Case No. 2:13-cv-1112-JRG) as follows. Any allegations or averments not specifically admitted herein are denied.

**THE PARTIES**

**A.      ContentGuard**

1.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.  Further, DIRECTV is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the identified exhibits and therefore denies that they are either true or correct.

6.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

**B.      Defendants**

13.      The allegations of paragraph 13 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14.     The allegations of paragraph 14 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     The allegations of paragraph 15 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.     The allegations of paragraph 16 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17.     DIRECTV admits that it is a California limited liability company with a principal place of business in El Segundo.  DIRECTV denies the remaining allegations of paragraph 17.

18.     The allegations of paragraph 18 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.     The allegations of paragraph 19 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     The allegations of paragraph 20 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.     The allegations of paragraph 21 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     The allegations of paragraph 22 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.     The allegations of paragraph 23 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.     The allegations of paragraph 24 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.     The allegations of paragraph 25 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

## JURISDICTION AND VENUE

26.     DIRECTV admits that this Court has subject matter jurisdiction over patent law claims.

27.     DIRECTV does not contest that, for purposes of this case only, this Court has personal jurisdiction over DIRECTV.  To the extent the remaining allegations of paragraph 27 are directed at DIRECTV, they are denied.  To the extent the allegations of paragraph 27 are directed to other entities, DIRECTV lacks sufficient information to admit or deny the allegations of paragraph 27 and therefore denies them.

28.     DIRECTV does not contest that venue is proper in this District as to DIRECTV. DIRECTV denies that this District is a convenient forum for this case and denies committing any acts of infringement.  To the extent the remaining allegations of paragraph 28 are directed at DIRECTV, they are denied.  To the extent the allegations of paragraph 28 are directed to other entities, DIRECTV lacks sufficient information to admit or deny the allegations of paragraph 28 and therefore denies them.

## THE PATENTS IN SUIT

29.     DIRECTV admits that, on the face of United States Patent No. 6,963,859 (the "'859 patent"), the '859 patent appears to be titled "Content rendering repository."  It appears to have issued on November 8, 2005.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30.     DIRECTV admits that, on the face of United States Patent No. 7,523,072 (the "'072 patent"), the '072 patent appears to be titled "System for controlling the distribution and

use of digital works." It appears to have issued on April 21, 2009. DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 and therefore denies them.

31.    DIRECTV admits that, on the face of United States Patent No. 7,774,280 (the "'280 patent"), the '280 patent appears to be titled "System and method for managing transfer of rights using shared state variables." It appears to have issued on August 10, 2010. DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 and therefore denies them.

32.    DIRECTV admits that, on the face of United States Patent No. 8,001,053 (the "'053 patent"), the '053 patent appears to be titled "System and method for rights offering and granting using shared state variables." It appears to have issued on August 16, 2011. DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies them. DIRECTV further notes that this patent has not been asserted against DIRECTV. Any allegations related to this patent are not directed against DIRECTV, and DIRECTV is not required to respond to such allegations.

33.    DIRECTV admits that, on the face of United States Patent No. 7,269,576 (the "'576 patent"), the '576 patent appears to be titled "Content rendering apparatus." It appears to have issued on September 11, 2007. DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies them.

34.    DIRECTV admits that, on the face of United States Patent No. 8,370,956 (the "'956 patent"), the '956 patent appears to be titled "System and method for rendering digital content in accordance with usage rights information." It appears to have issued on February 5,

2013.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and therefore denies them.

35.     DIRECTV admits that, on the face of United States Patent No. 8,393,007 (the "'007 patent"), the '007 patent appears to be titled "System and method for distributing digital content in accordance with usage rights information."  It appears to have issued on March 5, 2013.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 and therefore denies them.

36.     DIRECTV admits that, on the face of United States Patent No. 7,225,160 (the "'160 patent"), the '160 patent appears to be titled "Digital works having usage rights and method for creating the same."  It appears to have issued on May 29, 2007.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 and therefore denies them.

37.     DIRECTV admits that, on the face of United States Patent No. 8,583,556 (the "'556 patent"), the '556 patent appears to be titled "Method and apparatus for establishing usage rights for digital content to be created in the future."  It appears to have issued on May 25, 2010. DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 and therefore denies them.  DIRECTV further notes that this patent has not been asserted against DIRECTV.  Any allegations related to this patent are not directed against DIRECTV, and DIRECTV is not required to respond to such allegations.

## CONTENTGUARD'S EFFORTS TO LICENSE DIRECTV'S USE OF ITS DRM TECHNOLOGIES

38.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     To the extent the allegations of paragraph 41 are directed at DIRECTV, DIRECTV denies these allegations.  To the extent the allegations of paragraph 41 are directed to other entities, DIRECTV lacks sufficient information to admit or deny the allegations of paragraph 41 and therefore denies them.

42.     The allegations of paragraph 42 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     The allegations of paragraph 43 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     The allegations of paragraph 44 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     DIRECTV admits that it had discussions with ContentGuard regarding certain patents.  DIRECTV denies the remaining allegations of paragraph 45.

46.     The allegations of paragraph 46 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     The allegations of paragraph 47 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     The allegations of paragraph 48 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     The allegations of paragraph 49 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     To the extent the allegations of paragraph 50 are directed at DIRECTV, DIRECTV denies these allegations.  To the extent the allegations of paragraph 50 are directed to other entities, DIRECTV lacks sufficient information to admit or deny the allegations of paragraph 50 and therefore denies them.

## COUNT 1:  INFRINGEMENT OF THE '859 PATENT
## (AGAINST ALL DEFENDANTS)

51.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

**DIRECTV'S FIRST AMENDED ANSWER TO CONTENTGUARD'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

52.     The allegations of paragraph 52 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     The allegations of paragraph 53 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     The allegations of paragraph 54 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     Denied.

56.     The allegations of paragraph 56 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     The allegations of paragraph 57 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.     The allegations of paragraph 58 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

## COUNT 2:  INFRINGEMENT OF THE '072 PATENT
## (AGAINST ALL DEFENDANTS)

59.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

60.     The allegations of paragraph 60 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     The allegations of paragraph 61 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     The allegations of paragraph 62 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Denied.

64.     The allegations of paragraph 64 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     The allegations of paragraph 65 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     The allegations of paragraph 66 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     The allegations of paragraph 67 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

## COUNT 3:  INFRINGEMENT OF THE '280 PATENT (AGAINST APPLE, BLACKBERRY, DIRECTV, HTC, HUAWEI, MOTOROLA, AND SAMSUNG)

68.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

69.     The allegations of paragraph 69 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     The allegations of paragraph 70 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Denied.

72.     The allegations of paragraph 72 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     The allegations of paragraph 73 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     The allegations of paragraph 74 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     The allegations of paragraph 75 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

### COUNT 4:  INFRINGEMENT OF THE '053 PATENT
### (AGAINST APPLE, BLACKBERRY, HTC, HUAWEI, MOTOROLA, AND SAMSUNG)

76.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

77.     The allegations of paragraph 77 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     The allegations of paragraph 78 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     The allegations of paragraph 79 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     The allegations of paragraph 80 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     The allegations of paragraph 81 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     The allegations of paragraph 82 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

## COUNT 5:  INFRINGEMENT OF THE '576 PATENT
## (AGAINST ALL DEFENDANTS)

83.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

84.     The allegations of paragraph 84 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.     The allegations of paragraph 85 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     The allegations of paragraph 86 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Denied.

88.     The allegations of paragraph 88 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.     The allegations of paragraph 89 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90.     The allegations of paragraph 90 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     The allegations of paragraph 91 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

**COUNT 6:  INFRINGEMENT OF THE '956 PATENT
(AGAINST ALL DEFENDANTS)**

92.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

93.     The allegations of paragraph 93 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

94.     The allegations of paragraph 94 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95.     The allegations of paragraph 95 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies them.

96.     Denied.

97.     The allegations of paragraph 97 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     The allegations of paragraph 98 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     The allegations of paragraph 99 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore denies them.

100.    The allegations of paragraph 100 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore denies them.

## COUNT 7:  INFRINGEMENT OF THE '007 PATENT
## (AGAINST ALL DEFENDANTS)

101.    DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

102.    The allegations of paragraph 102 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and therefore denies them.

103.    The allegations of paragraph 103 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore denies them.

104.    The allegations of paragraph 104 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105.    Denied.

106.    The allegations of paragraph 106 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 and therefore denies them.

107.    The allegations of paragraph 107 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 and therefore denies them.

108.    The allegations of paragraph 108 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 and therefore denies them.

109.    The allegations of paragraph 109 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 and therefore denies them.

## COUNT 8:  INFRINGEMENT OF THE '160 PATENT
## (AGAINST ALL DEFENDANTS)

110.    DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

111.    The allegations of paragraph 111 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 111 and therefore denies them.

112.     The allegations of paragraph 112 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies them.

113.     The allegations of paragraph 113 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 and therefore denies them.

114.     Denied.

115.     The allegations of paragraph 115 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 and therefore denies them.

116.     The allegations of paragraph 116 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 and therefore denies them.

117.     The allegations of paragraph 117 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 and therefore denies them.

118.    The allegations of paragraph 118 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 and therefore denies them.

## COUNT 9:  INFRINGEMENT OF THE '556 PATENT (AGAINST AMAZON, APPLE, BLACKBERRY, HTC, HUAWEI, MOTOROLA, AND SAMSUNG)

119.    DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

120.    The allegations of paragraph 120 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 and therefore denies them.

121.    The allegations of paragraph 121 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 and therefore denies them.

122.    The allegations of paragraph 122 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 and therefore denies them.

123.    The allegations of paragraph 123 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 and therefore denies them.

124.    The allegations of paragraph 124 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 and therefore denies them.

125.    The allegations of paragraph 125 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 and therefore denies them.

126.    The allegations of paragraph 126 are not directed to DIRECTV, and therefore no response is required.  To the extent any response is required, DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 and therefore denies them.

## WILLFUL INFRINGEMENT

127.    Denied.

## IRREPARABLE HARM TO CONTENTGUARD

128.    Denied.

## PRAYER FOR RELIEF

129-158.  These paragraphs set forth the statement of relief requested by ContentGuard to which no response is required.  To the extent any response is required, DIRECTV denies that ContentGuard is entitled to any of the requested relief and denies all allegations.

## DEFENSES

159.    Subject to the responses above, DIRECTV alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

In addition to the defenses described below, subject to their responses above, DIRECTV specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Non-Infringement)

160.    DIRECTV does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, or otherwise) any valid, enforceable claim of the '859, '072, '280, '576, '956, '007, and '160 patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

161.    The claims of the '859, '072, '280, '576, '956, '007, and '160 patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., including sections 101, 102, 103, and 112.

## THIRD DEFENSE
### (Waiver, Laches, Limitations, Estoppel)

162.    The claims of the '859, '072, '280, '576, '956, '007, and '160 patents are unenforceable as asserted, in whole or in part, by the doctrines of waiver, laches, limitations, and/or estoppel.

## FOURTH DEFENSE
### (Limitation on Damages)

163.    ContentGuard's requested relief is barred or otherwise limited pursuant to 35 U.S.C. §§ 286 and 287.

**FIFTH DEFENSE**
**(Limitation on Costs)**

164.     ContentGuard's requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

**SIXTH DEFENSE**
**(Failure to State a Claim)**

165.     ContentGuard fails to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel)**

166.     ContentGuard is estopped from asserting the claims of the '859, '072, '280, '576, '956, '007, and '160 patents by application of the doctrine of equivalents because of admissions or statements made to the United States Patent and Trademark Office during the prosecution and/or reexamination of the applications leading to the issuance of the '859, '072, '280, '576, '956, '007, and '160 patents or applications (including their foreign patent applications) related thereto.

**EIGHTH DEFENSE**
**(License and Exhaustion)**

167.     To the extent that ContentGuard has licensed, released, or otherwise exhausted its rights and remedies as to products or services that are accused, DIRECTV is not liable to ContentGuard for any alleged acts of infringement related to such products or services.

**NINTH DEFENSE**
**(Not Entitled to Equitable Relief)**

168.     ContentGuard is not entitled to injunctive relief under any theory, at least because (1) ContentGuard has not suffered, nor will it suffer, irreparable harm because of DIRECTV's conduct; (2) any harm to ContentGaurd would be outweighed by the harm to DIRECTV if an injunction were entered; (3) ContentGuard has an adequate remedy at law even if it were to

prevail in this action; and (4) the public interest would not be served by an injunction in favor of ContentGuard.

## TENTH DEFENSE
### (Cannot Prove Exceptional Case)

169.    ContentGuard cannot prove that this is an exceptional case justifying award of attorney fees against DIRECTV pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE
### (AIA Joinder)

170.    To the extent ContentGuard has failed to comply with the joinder provisions of the Leahy-Smith America Invents Act, DIRECTV reserves the right to seek a severance in accordance with 35 U.S.C. § 299.

## TWELFTH DEFENSE
### (Inequitable Conduct)

171.    The claims of the patents asserted against DIRECTV are unenforceable due to inequitable conduct committed in the United States Patent and Trademark Office during prosecution of the applications that issued as the asserted patents, and/or during post-issuance proceedings related to the asserted patents, as well as during the prosecution of related applications.    The unenforceability of one patent can and does render related patents unenforceable as well.    On information and belief, the acts constituting and/or supporting a conclusion of inequitable conduct by named inventors of the Stefik family of patents, and/or by others having a duty of candor to the Patent Office in connection with the prosecution of such patents, include at least the following:

(a) Mark Stefik and Ralph Merkle are named inventors of several patents in the Stefik family of patents, including certain patents asserted against DIRECTV in this action. The original patent application filed in the group of related patents that comprise the

Stefik family of patents is Patent Application No. 08/344,760 ("the '760 application"), filed on November 23, 1994.  Each of the Stefik patents asserted by ContentGuard in this action asserts priority to this November 23, 1994, '760 application through various continuation and divisional patent applications.  On information and belief, attorney Richard Domingo was responsible for prosecuting the Stefik family of patents between 1994 and 2000; attorney Marc Kaufman was responsible for prosecuting the Stefik family of patents from 2000 forward.

(b) Every person involved in the prosecution of patent applications before the Patent Office has an affirmative duty of candor to disclose to the PTO information known to them that is material to the patentability of any claim.  Thus, inventor Stefik had a duty to inform the Patent Office examiner of known, material information for each of the patent applications filed in the Stefik family of patents.  Inventor Merkle similarly had a duty to inform the Patent Office examiner of known, material information for each of the patent applications filed in the Stefik family of patents for which he was a named inventor.  Attorneys Domingo and Kaufman each had a duty to inform the Patent Office examiner of known, material information for each of the patent applications filed in the Stefik family of patents in which he was involved as a prosecuting attorney.  On information and belief, ContentGuard personnel directly involved with Inventors Domingo and/or Kaufman in the filing and prosecution of patent applications in the Stefik family of patents may also have had a duty to inform the Patent Office examiner of known, material information.

(c) In 1994, prior to the filing of the '760 application, inventors Stefik and Merkle were aware of the publication "Department of Defense Trusted Computer System Evaluation Criteria", published in December 1985, also known as the "Orange Book".  In fact, on information and belief, in the weeks immediately before the filing of the '760 application, inventors Stefik and Merkle were well-aware of, and were studying, the contents of the Orange Book, including especially its teachings regarding "trusted

systems" for the management and protection of digital information.  On information and belief, as a result of their study, inventors Stefik and Merkle, independently and/or together, formed a belief that the teachings of the Orange Book were material to the claims that they would be seeking in the '760 application and could prevent issuance of such claims (which were planned to include elements relating to "repositories" and "trusted" devices). On information and belief, inventor Stefik maintained in his files and was aware of additional prior art references and materials that discussed the content and disclosures of the Orange Book, including at least a 1983 version of the Department of Defense Trusted Computer System Evaluation Criteria, and a guidance document for applying the criteria.  On information and belief, inventor Stefik believed, and has acknowledged in his public writings, that the idea and use of "trusted systems"/"repositories" originated with the Department of Defense generally, and the Orange Book specifically; and inventors Stefik and Merkle recognized the importance of the Orange Book with respect to the "trusted systems"/"repositories" elements of the inventions allegedly claimed in the Stefik family of patents.  On information and belief, inventors Stefik and Merkle informed attorney Domingo of the Orange Book and its materiality to the proposed patent claims of the '760 application, as well as to the claims sought in subsequent patent applications in the Stefik family of patents.  On information and belief, attorney Kaufman and/or ContentGuard personnel working directly with him, became aware of the Orange Book and its materiality to any patent claims including a "trusted system"/"repository" element prior to the filing and/or prosecution of multiple applications claiming priority to the '760 application.  Yet, despite their knowledge of the contents of the Orange Book and its materiality to the core "trusted systems"/"repositories" disclosure of the Stefik family of patents, inventors Stefik and Merkle, attorneys Domingo and Kaufman, and/or ContentGuard personnel each violated their duty of candor and repeatedly elected not to disclose the Orange Book

to the Patent Office examiner in connection with any application filed as part of the Stefik family of patents.  On information and belief, this failure to alert the Patent Office examiner(s) to the existence and materiality of the Orange Book was done with an intent to deceive the Patent Office examiner(s) into a belief that prior art teachings regarding the use and utility of "trusted systems"/"repositories" did not exist, and thus to issue claims directed to "trusted systems"/"repositories" in the Stefik family of patents.

(d) On information and belief, at least by 1997, inventor Stefik was further aware of the book entitled "Security in Computing," authorized by Charles Pfleeger and published in 1989.  Inventor Stefik was aware that this book's contents and teachings anticipated, or at least rendered obvious, certain claims of the Stefik family of patents, including the patents-in-suit.  Stefik acknowledged the importance and materiality of this book (at least as to the "trusted system"/"repository" elements of his purported inventions) in his own writings about his purported inventions.  On information and belief, attorney Kaufman also became aware of this book (and its materiality to the Stefik family of patents) through his review of inventor Stefik's writings citing that book. Despite this knowledge of the contents of the "Security in Computing" reference and its materiality to the claimed inventions of the Stefik family of patents, at least inventor Stefik and attorney Kaufman violated their duty of candor and failed to disclose this reference to the Patent Office examiner in connection with any application filed as part of the Stefik family of patents prosecuted during or after inventor Stefik and attorney Kaufman, respectively, became aware of the contents and materiality of the reference.  On information and belief, this failure was done with the intent, by both inventor Stefik and attorney Kaufman, to deceive the Patent Office examiners into a belief that prior art with the teachings of the patent applications' claims did not exist, and thus to issue unpatentable claims in the Stefik family of patents.

(e) On information and belief, at least by 1994, Stefik was aware of, and possessed a copy of, the January 1994 publication of papers presented at the April 1993 CNI Proceedings; and Stefik was aware that the papers presented and published as part of the Proceedings (individually and together) anticipate, or at least render obvious, certain claims of the Stefik family of patents, including the patents-in-suit.  On information and belief, Stefik (and/or Stefik's colleagues and/or ContentGuard personnel) informed attorneys Domingo and Kaufman of the CNI Proceedings and publication as well as of the materiality of their contents to the claims of applications in the Stefik family of patents.  On information and belief, despite this knowledge of the invalidating nature of the CNI Proceedings and publication, inventor Stefik, and attorneys Domingo and Kaufman violated their duty of candor and disclosed only particular chapters of the CNI Proceedings publication to the Patent Office examiners, failed to disclose that these materials were actually published together as a single reference, and wrongly provided the date for these partial disclosures as 1994, rather than disclosing that the CNI Proceedings had taken place in April 1993.  On information and belief, this failure was done with the intent, at least by inventor Stefik, and attorneys Domingo and/or Kaufman, to deceive the Patent Office examiners into a belief that the partial disclosures were not part of a single prior art reference, and were not made public more than a year prior to the November 23, 1994 filing date of the '760 application.

(f) On information and belief, during the prosecution of at least some of the applications in the Stefik family of patents, Stefik was aware of "Capability Based Systems" prior art from Digital Equipment Corporation, and maintained a copy of this prior art in his files.   On information and belief, during the prosecution of at least some of the applications in the Stefik family of patents, attorney Kaufman was aware of this same prior art, and disclosed it to the patent office during prosecution of other ContentGuard patent applications.   On information and belief, Stefik and attorney

Kaufman were each also aware that the contents and teachings of the Capability Based System prior art anticipate, or at least render obvious, certain claims of the Stefik family of patents, including the patents-in-suit.  On information and belief, despite this knowledge of the invalidating nature of the Capability Based Systems prior art, Stefik and attorney Kaufman violated their duty of candor and failed to disclose this reference to the Patent Office examiners.  On information and belief, this failure was done with the intent, by Stefik and attorney Kaufman, to deceive the Patent Office examiners into a belief that the claimed inventions of the Stefik family of patents were not disclosed in a prior art reference, and thus to issue unpatentable claims in the Stefik family of patents.

(g)  U.S. Patent Application No. 10/015,951, which issued as the '160 patent in the Stefik patent family ("the '160 patent application"), was filed as a continuation of the application that issued as U.S. Patent No. 6,708,001.  The '160 patent application claimed priority back to the initial '760 application, with its November 23, 1994 filing date, through the '001 patent.  Attorney Kaufman prosecuted the '160 patent application on behalf of ContentGuard, and intentionally filed it as a continuation of the '001 patent.  Yet, the '160 patent application made material changes to the specification (as compared with the '760 application to which the '160 patent application ultimately claimed priority).  These material changes were knowingly and intentionally made by attorney Kaufman and/or other personnel working with him.  In particular, and for example, from the '160 patent specification, attorney Kaufman removed statements that a "key feature" of the Stefik inventions was that "usage rights are 'permanently attached' to the digital work," and replaced it with the inconsistent and broader requirement that usage rights simply be "associated" with the digital work.  Attorney Kaufman further replaced every instance of the word "attached" appearing in the '760 application with the word "associated" in the '160 patent application; and attorney Kaufman changed the Glossary definitions of key

claim terms in the '160 patent application. On information and belief, these changes were made by attorney Kaufman, as disclosed to and/or approved or directed by ContentGuard personnel, in order to "broaden" the Stefik patent family claims beyond what properly could be claimed based on the 1994 specification of the '760 application. On information and belief, attorney Kaufman and ContentGuard personnel did not consult with Stefik about these changes, nor was Stefik informed that the changes were made to the '160 patent specification. On information and belief, though Kaufman knew that these material changes had been made to the '160 patent application specification, he intentionally caused the application to be filed as a continuation, and intentionally failed to disclose the material changes to the specification to the Patent Office examiner, with the intent to deceive the examiner into believing that the content of the '160 patent application was the same as its antecedents in the Stefik patent family, and thus to issue patent claims (i) that were not supported by the specification of the 1994 '760 application, and (ii) without properly evaluating those claims with reference to prior art references that existed prior to the correct, December 2001 priority date of the '160 patent application.

(h) On information and belief, during prosecution of the '072 patent of the Stefik family of patents, attorney Kaufman, and/or other prosecuting attorneys with attorney Kaufman's knowledge, disclosed 405 prior art references to the Patent Office examiner. On information and belief, attorney Kaufman did not explain the relevance of these references (which did not include the Orange Book or the "Security on Computing" book) to the examiner, contrary to the Patent Office's preferred practice that practitioners not submit long lists of marginally relevant references and that they highlight the most relevant references for the examiner. On information and belief, even when the examiner requested that the applicant point to the most relevant references, attorney Kaufman and ContentGuard failed to do so. In particular, on information and belief, attorney Kaufman and ContentGuard at least

failed to point to the highly material Preston prior art reference, U.S. Patent No. 5,052,040.  On information and belief, attorney Kaufman and ContentGuard were aware that the Preston reference disclosed "usage rights labels" that could be "prefixed" to digital content files, a core feature of the claims of the '072 patent. Indeed, attorney Kaufman had described Preston as teaching such usage rights labels in the specifications of other ContentGuard applications.  On information and belief, attorney Kaufman and ContentGuard failed to identify the Preston reference in response to the '072 examiner's request for identification of key references, with the intent that the examiner not become aware of the materiality of the Preston reference (and/or other material references), and thus that the examiner issue unpatentable claims in the '072 patent.

(i) The specifications of the Stefik family of patents, including the patents-in-suit, identify PCT Publication WO 93/01550 to Griswold as prior art, and state that, "An important limitation [of the Griswold system] is that during use of the licensed product, the user must always be coupled to an appropriate communication facility in order to send and receive datagrams.   This creates a dependency on the communication facility."  On information and belief, these statements were placed into the specification by, or with the knowledge of, Stefik and Attorney Domingo. Stefik now acknowledges that these specification statements are false and/or misleading, and that the prior art Griswold system can be operated for a defined period of time without a connection to a communication facility.  On information and belief, despite his knowledge and belief that Griswold, in fact, disclosed a system that could be operated without connection to a communication facility, Stefik and attorney Domingo suggested a distinction between the claimed inventions of the Stefik family of patents and the prior art Griswold system, in principal part, by the specification's false and misleading statements, with an intent to deceive the Patent Office examiner, and thus to issue unpatentable patent claims.

The intentional violation of inventors Stefik and Merkle's, attorney Domingo and Kaufman's, and/or ContentGuard personnel's duties of candor, good faith, and honesty to the Patent Office renders the asserted Stefik patents unenforceable.

## THIRTEENTH DEFENSE
### (Reservation of Rights)

172.    DIRECTV has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available.  DIRECTV reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of ContentGuard's claims, through discovery, or through further legal analysis of ContentGuard's claims and positions in this litigation.

## COUNTERCLAIMS

1.    DIRECTV, for its Counterclaims against ContentGuard and upon information and belief, states as follows:

## THE PARTIES

2.    DIRECTV is a California limited liability company with a principal place of business at 2230 E. Imperial Highway, El Segundo, California 90245.

3.    According to ContentGuard's Second Amended Complaint, ContentGuard is a Texas limited corporation with a principal office in this District.

## JURISDICTION AND VENUE

4.    Subject to DIRECTV's defenses and denials, DIRECTV alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

5.    This Court has personal jurisdiction over ContentGuard.

## FACTUAL BACKGROUND

6.      In its Second Amended Complaint, ContentGuard asserts that DIRECTV has infringed the '859, '072, '280, '576, '956, '007, and '160 patents.  Of those patents, DIRECTV has previously asserted a declaratory judgment action against the '859, '956, and '576 patents.[1]

7.      The '859, '072, '280, '576, '956, '007, and '160 patents are invalid, and DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '859, '072, '280, '576, '956, '007, and '160 patents, either literally or under the doctrine of equivalents.

8.      Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '859, '072, '280, '576, '956, '007, and '160 patents.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,523,072)

9.      DIRECTV restates and incorporates by reference its foregoing allegations.

10.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '072 patent is not infringed by DIRECTV.

11.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '072 patent.

12.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '072 patent, either literally or under the doctrine of equivalents.

## COUNT TWO
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,523,072)

13.     DIRECTV restates and incorporates by reference its foregoing allegations.

---

[1] DIRECTV incorporates by reference its Declaration Judgment Action filed on September 12, 2014.  See Dkt. No. 213.  DIRECTV further incorporates by reference its Answer to ContentGuard's Counterclaims (Dkt. No. 245).

**DIRECTV'S FIRST AMENDED ANSWER TO CONTENTGUARD'S SECOND
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

14.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '072 patent is invalid.

15.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '072 patent is invalid.

16.     The '072 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

### COUNT THREE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,774,280)

17.     DIRECTV restates and incorporates by reference its foregoing allegations.

18.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '280 patent is not infringed by DIRECTV.

19.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '280 patent.

20.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '280 patent, either literally or under the doctrine of equivalents.

### COUNT FOUR
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,774,280)

21.     DIRECTV restates and incorporates by reference its foregoing allegations.

22.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '280 patent is invalid.

23.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '280 patent is invalid.

24.     The '280 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,393,007)

25.     DIRECTV restates and incorporates by reference its foregoing allegations.

26.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '007 patent is not infringed by DIRECTV.

27.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '007 patent.

28.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '007 patent, either literally or under the doctrine of equivalents.

## COUNT SIX
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,393,007)

29.     DIRECTV restates and incorporates by reference its foregoing allegations.

30.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '007 patent is invalid.

31.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '007 patent is invalid.

32.     The '007 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT SEVEN
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,225,160)**

33.     DIRECTV restates and incorporates by reference its foregoing allegations.

34.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '160 patent is not infringed by DIRECTV.

35.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '160 patent.

36.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '160 patent, either literally or under the doctrine of equivalents.

## COUNT EIGHT
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,225,160)**

37.     DIRECTV restates and incorporates by reference its foregoing allegations.

38.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '160 patent is invalid.

39.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '160 patent is invalid.

40.     The '160 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT NINE
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,963,859)**

41.     DIRECTV restates and incorporates by reference its foregoing allegations.

42.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '859 patent is not infringed by DIRECTV.

43.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '859 patent.

44.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '859 patent, either literally or under the doctrine of equivalents.

## COUNT TEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,963,859)

45.     DIRECTV restates and incorporates by reference its foregoing allegations.

46.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '859 patent is invalid.

47.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '859 patent is invalid.

48.     The '859 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT ELEVEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,269,576)

49.     DIRECTV restates and incorporates by reference its foregoing allegations.

50.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '576 patent is not infringed by DIRECTV.

51.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '576 patent.

52.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '576 patent, either literally or under the doctrine of equivalents.

## COUNT TWELVE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,269,576)

53.    DIRECTV restates and incorporates by reference its foregoing allegations.

54.    An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '576 patent is invalid.

55.    A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '576 patent is invalid.

56.    The '576 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT THIRTEEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,370,956)

57.    DIRECTV restates and incorporates by reference its foregoing allegations.

58.    An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '956 patent is not infringed by DIRECTV.

59.    A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '956 patent.

60.    DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '956 patent, either literally or under the doctrine of equivalents.

## COUNT FOURTEEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,370,956)

61.    DIRECTV restates and incorporates by reference its foregoing allegations.

62.    An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '956 patent is invalid.

63.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '956 patent is invalid.

64.     The '956 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## PRAYER FOR RELIEF

DIRECTV respectfully prays for the following relief:

a.      A judgment dismissing ContentGuard's Second Amended Complaint against DIRECTV with prejudice;

b.      A judgment in favor of DIRECTV on all of its Counterclaims;

c.      A declaration that DIRECTV has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '859, '072, '280, '576, '956, '007, and '160 patents;

d.      A declaration that the claims of the '859, '072, '280, '576, '956, '007, and '160 patents are invalid and unenforceable;

e.      A declaration that this is an exceptional case under 35 U.S.C. § 285, including, without limitation, because ContentGuard filed its Second Amended Complaint against DIRECTV with knowledge of the facts stated herein, and an award to DIRECTV of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f.      A judgment limiting or barring ContentGuard's ability to enforce the '859, '072, '280, '576, '956, '007, and '160 patents in equity; and

g.      Such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, DIRECTV respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted this 26th day of June, 2015.

/s/ Charles Everingham IV
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles Everingham IV
State Bar No. 00787447
911 West Loop 281, Suite 412
Longview, TX 75604
Telephone:  (903) 297-7404
Facsimile:  (903) 297-7402
Email:  ceveringham@akingump.com

Kevin G. McBride
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone:  (949) 885-4200
Facsimile:  (949) 885-4101
Email:  kmcbride@akingump.com

Todd Landis
State Bar No. 24030226
Eric J. Klein
State Bar No. 24041258
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343
Email:  tlandis@akingump.com
Email:  eklein@akingump.com

James Loughlin Duncan III
State Bar No. 24059700
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Telephone:  (713) 220-5800
Facsimile:  (713) 236-0822
Email:  jduncan@akingump.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of June, 2015, with a copy of the foregoing document and supporting attachments via the Court's CM/ECF system.


*/s/ Charles Everingham IV*
Charles Everingham IV